# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
E3 Group, Inc.

**DEFENDANTS**
Greg Swick
Fred Kline

(b) County of Residence of First Listed Plaintiff  Dallas County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Broward County, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Blake A. Bailey
Brown McCarroll, L.L.P.
2001 Ross Ave., Suite 2000
Dallas, Texas 75201-2995
(214) 999-6165

Attorneys (If Known)

**3 02CV 2700 M**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- x 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | x 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | x 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / x 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332 - Diversity of citizenship.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 400,000.00   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes  x No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  12/17/02

SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| E3 GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| GREG SWICK and ) | |
| FRED KLINE, ) | |
| ) | |
| Defendants. ) | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 17 2002

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## COMPLAINT

Plaintiff E3 Group, Inc. ("E3") files this its Complaint against Greg Swick and Fred Kline (collectively "Defendants") and pleads the following upon personal knowledge and on information and belief in support of its Complaint:

### PARTIES

1. E3 Group, Inc. is a corporation, organized and existing under the laws of the State of Texas.

2. Greg Swick is a New York resident who is employed by the Ultimate Software Group, Inc. The Texas Secretary of State is the agent for service of process for Greg Swick pursuant to section 17.044(b) of the Texas Civil Practice & Remedies Code. The Texas Secretary of State may forward the citation and petition to Greg Swick at 2000 Ultimate Way, Westin, Florida 33326.

3. Fred Kline is a Florida resident who is employed by the Ultimate Software Group, Inc. The Texas Secretary of State is the agent for service of process for Fred Kline pursuant to

section 17.044(b) of the Texas Civil Practice & Remedies Code. The Texas Secretary of State may forward the citation and petition to Fred Kline at 2000 Ultimate Way, Westin, Florida 33326.

### JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391.

### FACTUAL BACKGROUND

5. On or about August 2000, E3 and Defendants met in E3's offices in Dallas to discuss E3's software needs. This meeting was required because E3 was considering whether to purchase the Ultipro software sold by Defendants' employer, the Ultimate Software Group, Inc. ("UGI"). During this meeting, Defendants met with E3 representatives and were advised in detail of E3's special and particular needs. After learning of E3's special and particular needs, Defendants represented that the Ultipro software would satisfy E3's needs. Additionally, Defendants represented that the software would allow E3 to process payroll and handle banking transactions in a faster and cheaper manner than was previously being conducted by E3. Defendants also provided a demonstration of its software, which was later discovered to be misleading, because the demonstration represented the software system to have capabilities that it ultimately did not have.

6. On or about September 29, 2000, based on the recommendations and representations made by Defendants about the capabilities of the Ultipro software, E3 entered into a Software License and Support Maintenance Agreement ("Agreement") with UGI. Pursuant to the Agreement, UGI was required to provide software and related services necessary to E3's professional employer business.

7. In consideration for UGI providing such software, E3 agreed to pay UGI $263,000. Additionally, E3 incurred expenses well in excess of $200,000 during the installation and implementation of the software.[1]

8. The software and services provided by UGI, as represented by Defendants, wholly failed to meet the specifications and requirements as represented. Contrary to Defendants' promises, the software was incapable of allowing more than one person to access and modify data at once, and to efficiently perform other professional employer tasks. Upon information and belief, the software was not designed to perform or capable of performing the represented tasks.

9. E3 gave UGI and Defendants repeated opportunities to cure the software problems. However, UGI repeatedly failed to provide a fully functional software package as Defendants' represented it could and would.

10. Defendants' misrepresentations resulted in substantial damages to E3. The full extent of E3 Damages will be determined by the trier of fact.

## CAUSES OF ACTION

### A. Claim I -- Fraud.

11. E3 Group incorporates by reference, as if fully stated herein, all of the allegations contained in the preceding paragraphs.

12. In addition to the false representations alleged hereinabove, Defendants failed to disclose facts to E3, which would have caused E3 not to enter into any agreements with UGI, which

---

[1] E3 has an action pending in Texas state court against UGI arising out of the transaction at issue in this case. The state court action is styled, *E3 Group, Inc. v. Ultimate Group, Inc.*, Cause No. 01-102247-J, pending in the 191st Judicial District Court, Dallas County, Texas. E3 did not join the Defendants in the state court action because it did not want to delay (or otherwise allow UGI to delay) the pending trial date of March 10, 2003, as a result of the joinder. The Texas Supreme Court only recently ruled that the individual employees that make misrepresentations during their employment are personally liable under the Texas Deceptive Trade Practice Act and for fraud.

agreements were to E3's detriment. More particularly, Defendants made representations to E3 about the software and related services, including without limitation, that the software would allow more than one person to access and modify payroll data at once, calculate local state and federal taxes and withholding requirements of individual employees and would only require E3 to input the employees address, meet E3's specific needs and those of professional employment organizations in general, meet E3's needs to process payrolls for multiple different employers, that it was ready for implementation, the it would increase E3's productivity and reduce its operating and personnel requirements, that it would generate reports desired by E3, and that it would allow E3 to efficiently perform other professional employer tasks

13.     When Defendants made the false representations, Defendants either knew they were false or they were made without knowledge of their truth, and intended that E3 act upon said representations.

14.     E3 was induced to rely and act upon the representations of Defendants and suffered damages directly attributable to the false representations.

15.     E3 has been damaged by Defendants' misrepresentations in an amount to be proven at trial, but in at least the amount of $400,000.

**B.     Count II -- Violation of the Texas Deceptive Trade Practices Act.**

16.     E3 Group incorporates by reference, as if fully stated herein, all of the allegations contained in the preceding paragraphs.

17.     Defendants made affirmations of fact, promises and descriptions to E3 about the software and related services, including without limitation, that the software would allow more than one person to access and modify payroll data at once, calculate local state and federal taxes and withholding requirements of individual employees and would only require E3 to input the employees

address, meet E3's specific needs and those of professional employment organizations in general, meet E3's needs to process payrolls for multiple different employers, that it was ready for implementation, the it would increase E3's productivity and reduce its operating and personnel requirements, that it would generate reports desired by E3, and that it would allow E3 to efficiently perform other professional employer tasks.

18. The representations made by Defendants were false, misleading, and deceptive in that Defendants either knew the representations were false or they were made without knowledge of their truth.

19. Defendants violated the Texas Deceptive Trade Practices Act because Defendants engaged in false, misleading, and/or deceptive acts or practices. The specific acts of Defendants are, without limitation:

    a. Representing that services have characteristics, uses, benefits, or qualities which they do not have;

    b. Representing that services have sponsorship, approval, or characteristics which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not have;

    c. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

    d. Failing to disclose information concerning services which was known at the time of the transaction; such failure to disclose such information intended to induce E3 into a transaction which E3 would not have entered had the information been disclosed.

20. The acts of Defendants constitute violations of the Texas Deceptive Trade Practices Act damaging E3 in an amount not yet determined, and entitling E3 to damages and injunctive relief, as well as an award of attorney's fees pursuant to Section 17.50(d) of the Texas Deceptive Trade Practices Act.

21. E3 relied on these representations to their detriment by entering the Agreement and expending substantial sums of money in an attempt to install and implement the software, but in at least the amount of $400,000.

22. Based upon Defendant's violation, E3 is entitled to recover its damages in an amount to be determined by the trier of fact.

### C. Count III -- Attorneys' Fees.

23. E3 Group incorporates by reference, as if fully stated herein, all of the allegations contained in the preceding paragraphs.

24. In accordance with the Texas Deceptive Trade Practices Act, E3 is entitled to recover its attorneys' fees. The total amount of E3's reasonable attorneys' fees will be determined by the trier of fact.

### PRAYER

Based upon the foregoing, E3 Group, Inc. prays that Defendants be cited to appear herein and answer, and that upon final hearing, E3 have judgment against Defendants as outlined above, recover pre-judgment interest at the legal rate, and post-judgment interest each at the highest legal rate, its reasonable attorneys' fees, its costs, and such other and further relief to which it establishes entitlement.

Respectfully submitted,

*[signature]*

Blake A. Bailey
State Bar No. 01514700
David A. Buono II
State Bar No. 24001806
BROWN MCCARROLL, L.L.P.
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201-2995
(214) 999-6100
(214) 999-6170 - Fax

ATTORNEYS FOR E3 GROUP, INC.