IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| E3 GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:02-CV-2700-M |
| | ) | |
| GREG SWICK and | ) | |
| FRED KLINE, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff E3 Group, Inc. ("E3") files this its opposition to Defendants' Motion to Dismiss and, in opposition, would show the Court the following:

### INTRODUCTION

E3 filed this its Complaint against Greg Swick and Fred Kline (collectively "Defendants") on December 17, 2002. In the Complaint, E3 alleges that Defendants are personally liable for the misrepresentations that they made to E3 relating to software manufactured and sold by Ultimate Software Group, Inc. ("USG"). On January 29, 2003, Defendants filed their Motion to Dismiss and Memorandum of Law (the "Motion to Dismiss"). The Motion to Dismiss should be denied for a number of reasons, including the following: dismissal of this action for improper service is not proper; E3 has properly stated a claim under the Texas Deceptive Trade Practices Act (the "DTPA"); and USG is not a necessary and indispensable party to this action.

## ARGUMENTS AND AUTHORITIES

A.  **Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(5) is Improper.**

In the Motion to Dismiss, Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) claiming that E3 did not properly serve Defendants. This argument fails for two primary reasons. First, E3 served Defendants at their only known address, which satisfies its obligations under the Texas long-arm statute. Second, even if the Court finds that service was improper, the proper remedy is to quash the first service and allow E3 another chance to properly serve the Defendants.

With regard to the first point, when a plaintiff utilizes the Texas long-arm statute to serve a defendant, the plaintiff must provide the Texas secretary of state with "the name and address of the nonresident's home or home office . . . ." *See* TEX. CIV. PRAC. & REM. CODE ANN. 17.045(a). The Texas long-arm statute, however, provides no definitions for the defendant's "home or home office." *See Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 771 (Tex. App.--Fort Worth 1990, no writ). As such, the Court is allowed to review the entire record to determine whether the address provided to the secretary of state was the defendant's "home or home office." *Id.* In the present case, it is apparent that the address provided to the Texas secretary of state, 2000 Ultimate Way, Westin, Florida 33326, was the Defendants' "home or home office." At the time this action was filed, the only information available to E3 with regard to Defendants' address was their employers' address (USG's address) at 2000 Ultimate Way, Westin Florida 33326. *See* Ex. A attached to the Motion to Dismiss. This address was the only address available at the time the Complaint was filed.[1]

---

[1] Since the filing of the Complaint, USG has responded to certain discovery served in a state court action between E3 and USG. On December 27, 2002, USG served its Responses to E3 Group's Request for Rule 194 Disclosures. In this response, USG listed only one address for its company and employees, even though it stated that Defendants "are not located at the Florida facility." On January 30, 2003, USG served its First Supplemental Response

It was proper for E3 to list that address as the Defendants' "home office." *See Mahon*, 783 S.W.2d at 771. Therefore, E3's service upon Defendants was proper and in compliance with the Texas long-arm statute.

Even if the Court determines that the service was improper, dismissal is not the proper remedy at this time. More particularly, "[a] district court faced with a Rule 12(b)(5) motion normally has discretion either to dismiss the action or to quash service." *See Stokes v. Scott*, 2000 U.S. Dist. LEXIS 4099, *8 (N.D. Tex. March 31, 2000). When faced with such a decision, "dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person or a defendant.'" *See Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, 2002 U.S. Dist. LEXIS 3340, *14-15 (N.D. Tex. Feb. 27, 2002). Here, dismissal is improper. Defendants have not challenged whether this Court has personal jurisdiction over them. Instead, they only challenge that service was improper under the Texas long-arm statute. Since the filing of the Complaint, the home and/or business addresses of Defendants have been obtained in response to discovery in a state court action between E3 and USG. Therefore, proper service and personal jurisdiction may be obtained upon Defendants at the now known addresses.

Based upon the foregoing, the Defendants' Motion to Dismiss based upon Federal Rule of Civil Procedure 12(b)(5) should be dismissed. As detailed above, the service upon Defendants was proper. Further, even if the Court finds that service was improper, the proper remedy is to quash the service and provide E3 with an opportunity to serve Defendants at their addresses in New York. If the Court chooses the later option, E3 requests that it be given thirty (30) days to effectuate this

---

to E3 Group's Request for Rule 19 Disclosure. In this response, USG provided for the first time addresses for Defendants as follows: Fred Kline, 31 Cornflower Lane, East Northport, New York 11731; and Greg Swick, 125 Wolf Road, Suite 502, Albany, New York 12205.



service. *See Stokes v. Scott*, 2000 U.S. Dist. LEXIS 4099, at *8 (allowing plaintiff thirty (30) days to effectuate proper service).

**B.     Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) is Improper.**

In the Motion to Dismiss, Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) claiming that E3 failed to state a claim under the DTPA. The sole basis for this argument is that section 17.49(f) of the DTPA does not apply to certain situations were the contract involves more than $100,000.00 and where the consumer was represented by counsel in the negotiation of the contract. *See* TEX. BUS. & COMM. CODE ANN. 17.49(f).

As stated by Defendants, the Court should look only to the Complaint to see if a claim has properly been asserted by E3. Based upon Defendants stated standard, there is nothing on the face of the Complaint that establishes that E3 negotiated its contracts with USG or that E3 was represented by counsel during these negotiations. Since there are no allegations to establish the essential basis for Defendants' alleged defense, the Motion to Dismiss must be denied.

Moreover, the question of whether section 17.49(f) is relevant to this action is a question of fact. There is no case authority interpreting this section, but at least one commentator has stated that this provision "requires more than legal representation; it requires negotiation." *See Richard M. Alderman*, THE LAWYER'S GUIDE TO THE TEXAS DECEPTIVE TRADE PRACTICES ACT (2d ed. 2002). Moreover, form contracts should not be considered negotiated contracts under section 17.49(f). *Id.* Since there are numerous questions that remain unanswered and are not shown in the pleadings, including, whether E3 was represented by counsel; whether actual negotiations took place; whether negotiations led to the modification of a term of the contracts between E3 and USG; or if the parties simply signed a form contract, the Motion to Dismiss should be denied.

### C. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(7) is Improper.

In the Motion to Dismiss, Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7) claiming that E3 failed to join a necessary party as required under Federal Rule of Civil Procedure 19. Initially, Defendants' Motion to Dismiss based upon Rule 12(b)(7) must be denied because Defendants failed to show that USG is an indispensable party. It is settled that dismissal under Rule 12(b)(7) is only proper when the following three factors are satisfied: (1) the absent party is necessary to the suit; (2) the absent party cannot be joined; and (3) the absent party is indispensable to the resolution of the suit. *See, e.g., Pit River Hoome & Agric. Coop. Ass'n v. U.S.*, 30 F.3d 1088, 1099 (9th Cir. 1994). Here, Defendants admit in their Motion to Dismiss that USG "does not appear to be indispensable under Rule 19(b) . . . ." *See* Motion to Dismiss at 7. Thus, Defendants Motion to Dismiss should be denied.

Further, the Motion to Dismiss should be denied because USG is not a necessary party. Federal Rule of Civil Procedure 19 states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk or incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*See* FED. R. CIV. PROC. 19(a).

Defendants assert that joinder is necessary based upon Rule 19(a)(1) because complete relief cannot be obtained since Defendants cannot assert any claim that USG may have against E3 as "set-off to E3's ostensible damage claims . . . ." *See* Motion to Dismiss at 6. Upon closer inspection of



the claims, this argument must fail. E3 asserted claims of fraud, violations of the DTPA, and attorneys' fees against Defendants. It has long been held that individual employees are liable for their own fraudulent actions under Texas law. *See, e.g., Kingston v. Helm*, 82 S.W.3d 755, 758-59 (Tex. App.--Corpus Christi 2002, pet. filed) ("the longstanding rule in Texas is that '[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment"); *see also Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). Similarly, individual employees are liable for their own actions under the DTPA. *See Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (holding that even when a corporate employee is acting within the scope of employment, he is personally liable under the DTPA for misrepresentations made by him). Thus, E3 may obtain complete relief in this action--that is, recover its damages directly from the employees that made the misrepresentations. As for Defendants, they have no counter-claims in relation to their own fraudulent actions, even if USG was a party to this suit. The only claim that Defendants have in relation to their actions is that they may seek contribution and indemnification from their employer USG if they believe that they were acting within the scope of their employment and duties as directed by USG. *See Miller*, 90 S.W.3d at 718; *see also* TEX. BUS. & COMM. CODE ANN. § 17.555. Thus, full relief is available to the parties already present in this action--E3 and Defendants. If Defendants wish to pursue their contribution and indemnification rights, they are entitled to join USG as a third-party defendant to this action. *See, e.g., Johnston v. Capital Accumulation Plan of the Chubb Corp.*, 1998 U.S. Dist. LEXIS 20096, *8-11 (N.D. Tex. Dec. 17, 1998) (finding that a defendant's claim that the plaintiff should sue a different party to recover its damages involves a third-party defendant issue, not a Rule 19 necessary party issue).

Defendants also assert that joinder is necessary based upon Rule 19(a)(2) because failure to join "would 'leave [Swick and Klein] subject to a substantial risk of incurring . . . otherwise inconsistent obligations by reason of the claimed interest.'" *See* Motion to Dismiss at 6-7. The basis for this position is that "[t]he outcome of the Texas state court case now pending against USG should be determinative of Swick's and Klein's obligations here, but there can be no assurances that the state court will reach the fraud claims against USG before this Court considers the claims against the company's agents." *Id.* Defendants' argument must again fail. As stated above, an individual employee is always responsible for his own fraudulent actions. *See, e.g., Kingston,* 82 S.W.3d at 758-59; *Miller,* 90 S.W.3d at 717. Thus, Defendants' liability in no way depends upon the state court litigation between E3 and USG. Instead, Defendants' liability rests solely upon the actions that they took and the representations that they made. Again, if Defendants feel that they were acting within the scope of their responsibilities and duties as directed by USG, they are entitled to seek contribution and indemnification from USG. *See Miller,* 90 S.W.3d at 718; *see also* TEX. BUS. & COMM. CODE ANN. § 17.555.

Since USG is neither an indispensable party or a necessary party, the Motion to Dismiss should be denied.

### PRAYER

Based upon the foregoing, E3 Group, Inc. respectfully requests the Court to deny Defendants' Motion to Dismiss in full and for any further relief, either at law or in equity, to which it may be entitled.

Respectfully submitted,

*/s/ Dan A. Bu____*

Blake A. Bailey
State Bar No. 01514700
David A. Buono II
State Bar No. 24001806
BROWN MCCARROLL, L.L.P.
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201-2995
(214) 999-6100
(214) 999-6170 - Fax

ATTORNEYS FOR E3 GROUP, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of February, 2003, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure, by delivering the same to the following counsel by facsimile and regular mail.

Michael K. Hurst
Godwin Gruber, P.C.
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084

*/s/ Dan A. Bu____*